# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Prince Ja Quay El, Moorish American National, f/k/a Derrick Jacquay Roberson,<br><br>Plaintiff,<br><br>v.<br><br>Jen Pfeifer, Steele County Jail Employee; Sergeant Timothy Hassing, Owatonna Police Officer; Two Unknown Police Officers, City of Owatonna; Daniel A. McIntosh, County Attorney; and Unknown Police Officer,<br><br>Defendants. | Case No. 15-cv-183 (JNE/HB)<br><br>**REPORT AND RECOMMENDATION** |

Prince Ja Quay El, Attn: Derrick Roberson, 210 Holly Street, Owatonna, MN 55060, pro se

Jason M. Hill, Jardine, Logan & O'Brien, PLLP, 8519 Eagle Point Blvd., Suite 100, Lake Elmo, MN 55042, for Jen Pfeifer and Daniel A. McIntosh

HILDY BOWBEER, United States Magistrate Judge

      Plaintiff Prince Ja Quay El filed his Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 in this matter on January 28, 2015.  He also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP"), which was granted on March 24, 2015 [Doc. No. 10].  In that order, the Court ordered Plaintiff to submit USM-285 forms within thirty days of entry of that order, providing complete and correct addresses for each party to be served.  The Clerk's Office provided Plaintiff with those

forms on March 24, 2015 [Doc. No. 11].

Plaintiff prepared and returned USM-285 forms for individual Defendants Sergeant Timothy Hassing ("Hassing"), Jen Pfeifer ("Pfeifer"), and Daniel A. McIntosh ("McIntosh"), along with Two Unknown Police Officers, and a Summons was issued for each defendant on April 10, 2015 [Doc. Nos. 12, 13]. The summons for Defendant Hassing was returned unexecuted by USMS on April 23, 2015 [Doc. No. 15], with a notation that "subject retired in 2014." On September 17, 2015, this Court issued an order [Doc. No. 22], requiring Plaintiff to provide a new USM-285 form for Defendant Hassing, providing his correct and complete address, to the Clerk of Court on or before October 2, 2015. The order also warned Plaintiff that failure to comply could result in a recommendation of dismissal of the claims against Defendant Hassing for failure to prosecute.

On December 9, 2015, the Court issued one last order requiring Plaintiff to show cause why his claims against Defendant Hassing in this case should not be dismissed without prejudice for lack of prosecution [Doc. No. 23]. The Court ordered Plaintiff to respond on or before January 6, 2016, failing which the Court would recommend that his claims against Hassing be dismissed without prejudice.

Plaintiff failed to respond to the December 9, 2015 order, and to this date, Plaintiff has not submitted a correct and complete address for Defendant Hassing. Accordingly, this Court now recommends, in accordance with its prior orders, that claims against Defendant Hassing be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x

496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

In the alternative, dismissal of claims against Defendant Hassing without prejudice is warranted at this time under Rule 4(m), which requires that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[1] Nearly a year has passed since the complaint in this action was filed. Plaintiff has not effected service of process on Defendant Hassing in a manner consistent with Rule 4, and he has not demonstrated good cause for his failure to do so. Moreover, Plaintiff has been repeatedly warned of the deficiencies in service and yet has not taken steps to move this case forward with respect to Defendant Hassing. Dismissal of claims against Hassing without prejudice is therefore warranted at this time.

Based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that claims against Sergeant Timothy Hassing be **DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** under Federal Rule of Civil Procedure 41(b) or, in the alternative, under Federal Rule of Civil Procedure 4(m).

---

[1] Rule 4(m) was recently amended to allow 90 days for service. At the time Plaintiff filed his complaint, however, Rule 4(m) allowed 120 days for service.

Dated: January 13, 2016

      s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.