UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PRINCE JA QUAY EL,

      Plaintiff,

v.

JEN PFEIFER, *Steele County Jail Employee*; SERGEANT TIMOTHY HASSING, *Owatonna Police Officer*; TWO UNKNOWN POLICE OFFICERS, *City of Owatonna*; DANIEL A. MACINTOSH, *County Attorney*; UNKNOWN POLICE OFFICER, *March 2012 False Arrest*;

      Defendants.

Case No. 15-cv-183 (JNE/HB)
ORDER

      This case is before the Court on a Report and Recommendation by the Honorable Hildy Bowbeer, United States Magistrate Judge, dated December 30, 2016 [Dkt. No. 36] ("R&R"). Judge Bowbeer recommends that the case be dismissed with prejudice on Defendants Jen Pfeifer and Daniel A. McIntosh's motion pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute [Dkt. No. 27]. *See* Defs.' Br. 13-15, Dkt. No. 29. In the alternative, the magistrate judge recommends that Defendants' motion for summary judgment be granted. Plaintiff did not object to the R&R, and the deadline for filing objections was two weeks ago. The Court has nonetheless conducted a *de novo* review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court partially adopts the reasoning and conclusions of the R&R as stated below.

      The Court agrees that dismissal with prejudice pursuant to Rule 41(b) is merited and ADOPTS the portion of the R&R addressing that question (Sections I and III.A). The magistrate judge's conclusion that dismissal with prejudice is appropriate on the facts of this case is further strengthened by the fact that Plaintiff, who did not oppose Defendants' motion for dismissal with

prejudice or for summary judgment, also did not object to the magistrate judge's recommendation to grant that motion. Under other circumstances, a suspicion that Plaintiff's abstention in this case may relate in part to recent mail delivery problems, *see* Dkt. Nos. 34, 35, & 38, might give the Court pause. Here, however, Plaintiff's failure to pursue his own case began much earlier. As the magistrate judge noted, Plaintiff has not filed anything since June 2015—a year and a half ago. In December 2015, the magistrate judge issued an Order to Show Cause because Plaintiff had failed to comply with a September 17, 2015 order. Dkt. No. 23. The docket shows no response by Plaintiff to the Order to Show Cause, although around that time, Plaintiff apparently contacted Defendants' counsel with a settlement offer. *See* R&R at 3. In addition, at that time, the magistrate judge cautioned Plaintiff that it was his responsibility to update his address with the Clerk of Court. Dkt. No. 23, at 3. In March 2016, before any actual mail delivery issues arose, the Court again directed Plaintiff to update his address as necessary. *See* Dkt. No. 26. This lengthy history of a demonstrated lack of diligence by Plaintiff on his own behalf in pursuing his case merits its dismissal with prejudice. The case law cited in the R&R and the facts of this case amply support this conclusion.

The Court has also considered alternatives to dismissing with prejudice. *See Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010). Assuming that the Court were to adopt the magistrate judge's alternative recommendation, judgment would be entered against Plaintiff and the action would be terminated anyway. Because the alternative choice appears equally fatal to Plaintiff's claims, the Court is satisfied that dismissal with prejudice is appropriate in this regard as well. *See Hunt v. City of Minneapolis*, 203 F.3d 524, 528-29 (8th Cir. 2000).

The Court does not reach the alternative recommendation and therefore does not adopt that portion of the R&R (Sections III.B – III.D).

Finally, Defendants' motion requested an award of costs and disbursements, although their brief made no mention of it. Dkt. No. 27. Defendants are presumptively entitled to an award of their costs under Federal Rule of Civil Procedure 54(d)(1) as prevailing parties in this action "[u]nless . . . a court order provides otherwise . . . ." *Cf. Schwarz v. Folloder*, 767 F.2d 125, 130-31 (5th Cir. 1985) (finding that a defendant was a prevailing party where claims were dismissed voluntarily with prejudice). "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Lochridge v. Lindsey Mgmt. Co., Inc.*, 824 F.3d 780, 783 (8th Cir. 2016) (quoting *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013)). Under the circumstances of this case, including the fact that the action is already subject to the "extreme sanction" of being involuntarily dismissed and that Plaintiff was granted *in forma pauperis* status (although this fact by itself does not insulate him from a costs award against him), the Court in its discretion declines to award costs. *Hunt*, 203 F.3d at 527; *cf. Greaser v. Missouri Dep't of Corr.*, 145 F.3d 979, 985 (8th Cir. 1998). In so doing, the Court declines to accept the recommendation of the magistrate judge on this point.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants Jen Pfeifer and Daniel A. McIntosh's Motion for Summary Judgment [Dkt. No. 27] is GRANTED IN PART AND DENIED IN PART in that this action is DISMISSED WITH PREJUDICE, but the Defendants' request for an award of costs is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 30, 2017                                     s/ Joan N. Ericksen
                                                                                JOAN N. ERICKSEN
                                                                                United States District Judge